The Honorable Marvin Steele State Representative 100 N. Missouri West Memphis, AR 72301
Dear Representative Steele:
You have requested an Attorney General opinion in response to several questions concerning warrant fees.
Your questions are:
 (1) May a municipality adopt an ordinance to assess a $25.00 warrant fee, as provided in A.C.A. § 21-6-307 (which is made applicable to city officers by A.C.A. § 21-6-502)?
(2) If so, to whom is the warrant fee to be charged?
 (3) In light of A.C.A. § 16-10-305(d) and the legislative intent expressed in A.C.A. § 16-10-601, can a $25.00 warrant fee be assessed and collected as an additional court cost from criminal defendants in misdemeanor prosecutions in municipal court?
 (4) Does the warrant fee authorized by A.C.A. § 21-6-307 constitute a court cost "specifically provided by state law?"
RESPONSE
Question 1 — May a municipality adopt an ordinance to assess a $25.00warrant fee, as provided in A.C.A. § 21-6-307 (which is made applicableto city officers by A.C.A. § 21-6-502)?
It is my opinion that municipalities may adopt an ordinance to assess a $25.00 warrant fee. The authority to do so arises out of A.C.A. §21-6-502, which states:
 For issuing a subpoena or warrant of arrest and for summoning or arresting the witnesses, officers shall be allowed the same fees as are allowed to clerks and sheriffs for similar services.
A.C.A. § 21-6-502.
The "officers" referred to in the above-quoted statute can reasonably be interpreted to refer to municipal police officers, in that they are "officers" other than sheriffs who serve warrants. The statute makes reference to the authority granted to sheriffs in A.C.A. § 21-6-307, as follows:
 (a) The following fees shall be charged by each of the sheriffs of the several counties of the State of Arkansas:
* * *
 (14) For serving warrant or order of arrest from any court. . . . . . . . . . . . . . . . . . . . . . . . . . 25.00
A.C.A. § 21-6-307(a)(14).
It can therefore be concluded that A.C.A. § 21-6-502 has the effect of authorizing municipal police officers to charge a $25.00 warrant fee, just as sheriffs are authorized to do.
Nevertheless, the provisions of A.C.A. § 16-10-305(d) must be considered. That statute sets forth a list of permissible court costs that does not include "warrant fees," and further provides:
 (d) No municipality or county shall authorize and no police court, city court, municipal court, or circuit court shall assess or collect any other court costs other than those authorized by this act, unless specifically provided by state law.
A.C.A. § 16-10-305(d) (emphasis added).
It is my opinion that the warrant fee that is authorized by A.C.A. §21-6-502 (via A.C.A. § 21-6-307) is a court cost that is "specifically provided by state law," within the meaning of A.C.A. § 16-10-305(d). For this reason, I do not interpret A.C.A. § 16-10-305(d) to prohibit municipalities from authorizing such a fee.
Question 2 — If so, to whom is the warrant fee to be charged?
It is my opinion that a warrant fee authorized by municipalities, as discussed in response to Question 1, should, like the warrant fees charged by sheriffs, be charged to the defendant to whom it is issued. It should be noted that this fee should not be charged and collected from defendants before a judgment for costs has been rendered against them. This office has consistently opined that the fee for service of a warrant cannot be charged until such time as the court has entered a judgment for costs. See Ops. Att'y Gen. Nos. 97-362; 97-300, 89-241, 89-208. That conclusion is based upon the fact that A.C.A. § 16-90-113, which governs judgments, requires that judgments against defendants include the costs of the officers rendering the service for which the cost was incurred. Because these costs must be included in the entry of judgment, it is impermissible for officers to charge such costs prior to judgment.
Question 3 — In light of A.C.A. § 16-10-305(d) and the legislative intentexpressed in A.C.A. § 16-10-601, can a $25.00 warrant fee be assessed andcollected as an additional court cost from criminal defendants inmisdemeanor prosecutions in municipal court?
It is my opinion, as explained in response to Question 1, that a municipal ordinance authorizing a $25.00 warrant fee comes within the exception stated in A.C.A. § 16-10-305(d), which permits other court costs that are authorized by other state laws.
Question 4 — Does the warrant fee authorized by A.C.A. § 21-6-307constitute a court cost "specifically provided by state law?"
Yes. See response to Questions (1) and (3).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh